IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donna Jolene Murdaugh Bell, | ) | C/A No. 9:19-cv-00912-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Andrew Saul, Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On February 28, 2020, Magistrate Judge Bristow Marchant issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 17. On March 27, 2020, Plaintiff filed Objections to the Report, and the Commissioner filed a Reply on March 31, 2020. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard.  *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

Plaintiff applied for DIB on November 14, 2012, alleging disability beginning August 25, 2012 due to anxiety, depression, hypothyroidism, osteopenia, diverticulitis, fibromyalgia, and arthritis.  Plaintiff's application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 9, 2014.  The ALJ denied Plaintiff's application in a

decision issued December 5, 2014.  The Appeals Council granted review, vacated the prior decision, and remanded the case to the ALJ to consider Plaintiff's maximum residual functional capacity ("RFC") and to provide reasoning with specific references to the evidence in the record.  The ALJ held a second hearing on February 7, 2018, and again denied Plaintiff's claims in a decision issued June 8, 2018.  The Appeals Council denied Plaintiff's request for a review of the second decision, making the June 8, 2018 ALJ decision the final decision of the Commissioner.

## DISCUSSION

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied.  Plaintiff raises two objections to the Report.  First, Plaintiff contends that the Magistrate Judge erred in finding that substantial evidence supports the ALJ's decision.  Second, Plaintiff claims that the Magistrate Judge erred in finding that the ALJ properly evaluated Plaintiff's credibility.  As stated below, the Court overrules both objections.

As to Plaintiff's first objection, she generally claims that "[t]he ALJ's decision grossly overestimates [Plaintiff's] level of functioning and is quite selective in choosing those medical records to which significant weight was afforded."  ECF No. 20 at 3.  The Magistrate Judge thoroughly detailed the relevant legal standard and outlined the medical evidence in the record that support the ALJ's finding.  Under the deferential substantial evidence standard, the Court may not substitute its own judgment and must affirm the ALJ's decision if it is supported by "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154

(2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229) (citation omitted). Here, as the Report details, substantial evidence supports the ALJ's decision. Accordingly, the Court overrules this objection.

As to Plaintiff's second objection, she claims that "[t]he ALJ did nto take into account [Plaintiff's] persistent treatment in his credibility analysis." ECF No. 20 at 4. However, the Magistrate Judge provides a detailed explanation of the ALJ's evaluation of Plaintiff's subjective complaints. Under the deferential substantial evidence standard, the Court must defer to the ALJ's finding, particularly "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the complaint[s]." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). Accordingly, the Court overrules this objection.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 20, 2020
Spartanburg, South Carolina